The STATE of Texas, Appellant,

v.

Henry W. BALL, Appellee.

No. 05–85–00857–CV.

Court of Appeals of Texas,
Dallas.

Nov. 13, 1985.

Rehearing Denied Jan. 14, 1986.

Jim Mattox, Atty. Gen., Douglas Fraser, Asst. Atty. Gen., Austin, for appellant.

Linda B. Cates, Bates, Cates & Cates, Waco, for appellee.

Before AKIN, ALLEN and DEVANY, JJ.

DEVANY, Justice.

After a take-nothing judgment, the State of Texas, appellant, brought this appeal of an enforcement action on behalf of the License & Weight Service of the Department of Public Safety against Henry W. Ball, appellee. The State had sought civil penalties and a permanent injunction for asserted violations of the Texas Motor Carrier Act. TEX.REV.CIV.STAT.ANN. art. 911b (Vernon 1964 & Vernon Supp. 1985). In four points of error, the State alleges that the trial court erred (1) in submitting a special issue framed in terms of Section 16(j) instead of section 1a(1)(a) of the Act; (2) in denying the State's motion for directed verdict because there is no evidence to support the jury's answer to the special issue; and (3) in denying the State's motion for new trial because the jury's answer to special issue number one is supported by no evidence, or by insufficient evidence. We disagree.

### Submission of Special Issue No. 1

■ The ultimate issue rested on whether Ball was subject to the provisions and penalties of the Motor Carrier Act. In its first point of error, the State questions which exemption, under section 16(j) or section 1a(1)(a) of the Motor Carrier Act, applies to Ball. The pertinent portion of section 16(j) provides:

> No provision of this Act will apply to any person who is engaged in the bona fide business of buying, selling and transporting any product or commodity when such person has in good faith purchased such product or commodity and at the time of and during the transportation thereof such person has and owns title to such product or commodity.

Section 1a(1)(a) states:

> Provided, however, that the term "Motor Carrier" and the term "Contract Carrier" as defined in the preceding Section shall not be held to include:
>
> (a) Any person having a regular, separate, fixed, and established place of business, other than a transportation busi-

ness, where goods, wares, and merchandise are kept in stock and are primarily and regularly bought from the public or sold to the public or manufactured or processed by such person in the ordinary course of the mercantile, manufacturing, or processing business, and who, merely incidental to the operation of such business, transports over the highways of this state such goods of which such person is the bona fide owner by means of a motor vehicle of which such person is the bona fide owner ...

The trial court submitted special issue number one phrased in terms of section 16(j), but with an *instruction* phrased in terms of section 1a(1)(a). The State requested three special issues phrased in terms of section 1a(1)(a) and submits that the court erred in not submitting its requested instructions. We agree with Ball that the operative exemption in the instant case is provided by section 16(j).

■ The State argues that the paragraph in question of section 16(j) received no mention in the caption of the Senate Bill in 1955, which enacted this section and that it is probably unconstitutional on that ground. We disagree. Generally, an exception contained in a statute need not be set out in the title. *Austin v. The Gulf, Colorado & Santa Fe Railroad Co.*, 45 Tex. 234, 267–68 (1876). The Texas Constitution merely requires that a bill contain one subject which is to be expressed in its title. TEX. CONST. art. III, § 35. We also note that the statutes are to be liberally construed in favor of constitutionality. *Robinson v. Hill*, 507 S.W.2d 521, 523 (Tex. 1974). The paragraph in question contains an exception to the entire act and we, therefore, hold that it is not unconstitutional.

The State also contends that it could not have been the intent of that legislative body to weaken the effect of section 1a(1)(a) and allow an additional exemption by the addition of the second paragraph of section 16(j). The State argues that because, prior to the revision of the Penal Code in 1973, the current section 16 was

separately codified as Vernon's Penal Code Annotated article 1690b, the addition of section (j)'s phrase "[n]o provision of this Act" could not have applied to the whole of Article 911b so as to affect section 1a(1)(a). The State contends that the second paragraph of section (j) was intended to apply only to provisions enacted by Senate Bill 165 or at most, should be read as an attempt to conform the provisions of Penal Code article 1690b with article 911b. The State, therefore, argues that section 16(j) should have no effect on this case.

We disagree with the State's reasoning. We find particularly persuasive the supreme court's comments on the legislative history of section 16 in *State v. Houdaille Industries, Inc.*, 632 S.W.2d 723, 724–26 (Tex.1982). We note particularly the court's statement that "[a]s stated previously, the law book company, and *not* the legislature, had moved section 16 into the Penal Code and assigned it a number. The civil penalties for violation of the motor carrier act were neither enacted nor intended by the Legislature to be part of the Penal Code." *Id.* 632 S.W.2d at 726.

■ We believe the Legislature was aware of the entirety of the provisions of the Motor Carrier Act regardless of the misplacement of section 16 and we hold that it intended the second paragraph of section 16(j) to function as an exemption to the whole act and not to be merely applicable to the provision incorrectly placed in the Penal Code.

■ The State next argues that we should be guided by federal commerce precedents in which spurious buy-and-sell operations have been held to be for-hire transportation which should be regulated. However, we note that the federal statutes comparable to the Texas Motor Carrier Act do *not* contain language similar to that set forth in section 16(j). *See* 49 U.S.C.A., §§ 10524, 10526 (1985-Pamphlet). Therefore, the federal cases are inapplicable because we are bound to follow the statutory provisions of the Texas Act.

■ Finally, we note that, although the court refused to submit special issues in terms of section 1a(1)(a), it gave the following instruction:

> You are instructed that a person engaged in the "bona fide business of buying, selling and transporting" is any person having a regular, separate, fixed, and established business, other than a transportation business, where goods, wares, and merchandise are kept in stock and are primarily and regularly bought from the public or sold to the public or manufactured or processed by such person in the ordinary course of the mercantile, manufacturing, or processing business, and who, merely incidental to the operation of such business, transports over the highways of this state such goods of which such person is the bona fide owner by means of a motor vehicle of which such person is the bona fide owner.

Therefore, the jury was instructed to consider the restrictions contained in section 1a(1)(a) in determining if Ball was exempt under the requirement of section 16(j) in making their determination. The court's instructions were harmless error since the jury's answer found Ball was exempt even under these more restrictive instructions.

We hold that the issue submitted by the trial court phrased in terms of section 16(j) was correct. However, even had section 1a(1)(a) been the correct exemption, the State has not shown that it was harmed by the submission of issue number one since the court also gave the qualifying instruction phrased in terms of section 1a(1)(a). Thus, we overrule point of error 1.

### Sufficiency of the Evidence

Points of error 2, 3 and 4 complaining of the sufficiency of the evidence will be addressed together. The finding of the jury must be upheld if there is in the record before us evidence of probative value which, with the reasonable inferences therefrom, will support it. We may consider only that evidence, if any, which, viewed in its most favorable light, supports the finding, and we must disregard all evidence which would lead to a contrary result. *State v. Zaruba*, 418 S.W.2d 499, 502 (Tex. 1967). In considering an "insufficiency" point, we recognize the role of the trier of fact. In this case, the jury determined the weight to be given the testimony and it can believe all of the testimony or none of it, or part of it, while disregarding other portions. Within this framework, the findings of fact are made and the jury's determination will be sustained if there is some evidence of probative value to support those findings, providing they are not against the great weight and preponderance of the evidence. Even if an appellate court would have found the facts contrary to those found by the jury after reviewing the evidence, it cannot substitute its judgment for that of the jury. *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.).

■ A review of the record discloses that the evidence could be construed to show that Ball was engaged in the bona fide business of buying, selling and transporting a product which he purchased in good faith and at the time of his transportation of that product he had title to it. Such construction can be gleaned from the fact that Ball actually purchased sand, gravel and crushed stone on his own credit and, when he transported any of those items, he had title thereto. The fact that he may have paid for the products after he collected from the buyers would not alter the ownership of the products during transportation. The exemption under section 16(j) does not require that Ball maintain storage facilities as is relied upon by the State. Therefore, we overrule points of error 2, 3, and 4.

The judgment is affirmed.